IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IP INNOVATION L.L.C. and TECHNOLOGY LICENSING CORP., | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) ) | Civil Action No. 2:07-cv-447 (LED) Jury Trial Demanded |
| v. | ) ) | |
| RED HAT, INC. and NOVELL, INC., | ) ) | |
| Defendants. | ) | |

## IP INNOVATION'S SURREPLY TO DEFENDANTS' MOTION TO STRIKE

Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-2323

Eric M. Albritton
Attorney at Law
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449

ATTORNEYS FOR IP INNOVATION L.L.C. and
TECHNOLOGY LICENSING CORPORATION

**I.      INTRODUCTION**

The defendants' seven page reply and new five-page supporting declaration reaches a number of new arguments not addressed in the opening brief, e.g., the argument that Plaintffs' supplement referring to computer source code is improper because the Court's construction of the "control means" calls for "executable computer code." The defendants' new arguments cannot conflate the facts:

1) IP Innovation added recitations to computer code in response to the defendants' demands, and in accord with the Court's claim construction order, which construes "control means" to require computer code for generating the corresponding "pop-ups" and "icon," as opposed to simply requiring the "pop ups" and "icons" themselves; and

2) IP Innovation's citation to the log off sequence (in both the *original* and supplemental charts) are extra steps which are not required by the claims, but are cited by both the *original* and supplemental claim charts as examples (but only as examples) of how one can switch from one virtual desktop to another.

IP Innovation has not added <u>any</u> new claims, and indeed <u>reduced</u> the number of asserted claims through the supplements it provided at defendants' request. It has offered specific examples --both in terms of citations to computer code in its supplements, as well as references to both workspaces and desktops, to support its infringement claims. If anything, IP Innovation has gone above and beyond what is required by the claim charts e.g., in citing to human readable computer code (to better explain where the corresponding structure for the control means is located), or in citing to pictures showing examples of desktop switching and workspace switching. Apparently, according to the defendants, the Plaintiffs should be punished for offering things that – on their face – are examples of infringement. Fortunately, both the use of "desktops" and "workspaces" to

1

infringe the patents-in-suit is supported by the original disclosure. Thus, the defendants' motion to strike should be denied.

## II. THE PLAINTIFFS' SUPPLEMENT IDENTIFIES COMPUTER CODE PER THE COURT'S CLAIM CONSTRUCTION

As promised in its response brief, on September 9, 2009, the Plaintiffs' provided supplemental claim charts in accord with Local Patent Rule 3-6(a). (An excerpt of which is Exh. A). This Rule permits supplementation without leave of Court where (as here) the Plaintiffs believe in good faith that their supplementation is needed to address the Court's claim construction. Specifically, the Court's claim construction rejected the Plaintiffs' argument that the structure corresponding to the "control means" was actually the "pop up menus" and "icons" for switching between workspaces, holding that "the structure actually interacting with the user-guided pointer control device is the corresponding code creating the interactive menus and icons. Therefore, the structure recited in the specification for the "control means" terms is "executable computer code implementing selectable graphical user interface pop-up menus and icons and equivalents." (D.I. 87 at 15-16, Exh. 3 to Plaintiffs' response brief).

In its reply, the defendants' sole justification for requesting a denial of the Plaintiffs' right to supplement per Local Patent Rule 3-6(a) is that "[t]he Court's claim construction order was clear that "control means" **does not require an algorithm or source code** but rather "*executable* computer code implementing selectable graphical user interface pop-up menus and icons and equivalents[.]" (Defs. Reply Brf. at 7, n.7). Respectfully, the defendants' argument is simply false. The Court's opinion does not mention, much less exclude "source code" from the computer code for implementing the "control means" as claimed. Rather, this Court can take judicial notice that "computer code" generally is understood to exist in two forms: 1) "source code," which is meant to be read and understood by humans; and 2) "object code," which is the compiled version of source code, and is meant to be understood by machines, as opposed to humans. Even assuming that this

Court's claim construction said "object code" was the corresponding structure to the "control means" (which it did not), the best evidence for showing such structure would still be the human readable version of such object code, i.e., the source code cited in the Plaintiffs' supplement. This case (like the charts submitted by the parties) is to be tried in front of humans, not computers. The proofs submitted by the Plaintiffs were and are meant to be understood by humans – that's why the Plaintiffs cited to the source code version of the computer code, not the object code. The defendants' complaint about this supplement is simply off the mark.

### III. THE PLAINTIFFS' ORIGINAL AND SUPPLEMENTAL CHARTS SUPPORT INFRINGEMENT REGARDLESS OF ANY LOGIN STEPS

It is a basic tenet of patent law that the addition of extra steps or elements in a claim do not negate infringement. *Amstar Corp., v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) ("Modification by mere addition of elements or functions, whenever made cannot negate infringement . . . ."). The simple fact is that the Plaintiffs' proposed claim charts show multiple examples of the "control means," e.g., a switching icon (in the first example, a small green "running man" icon) which a user may click on to switch from one desktop or workspace to another:

While displaying the first workspace (e.g., Desktop1), Fedora can receive a switch signal sequence from the user's input devices, such as a mouse and keyboard. For example, the user can click a Log Out icon on the bottom panel, click the appearing Log Out option, select which user workspace to switch to, and enter the workspace's password.



Fedora (Desktop1)

(Exh. A, at 10). The supplement under Local Patent Rule 3-6(a) also identifies a further example in which a user simple clicks on icons of miniature screens to switch from one workplace to another:



(Exh. A at 14). The fact that one example clicks on box icons in the lower right hand corner, while the other example clicks on a little green man icon is an immaterial change. Likewise, the fact that one example mentions additional steps for logging in and logging out of the system, while the other example does not, is inapposite to the element of the claim. Both examples focus upon clicking on an icon to switch from one workspace to another. The existence (or absence) of additional steps (e.g., the log out boxes) is immaterial to the infringement analysis.

## IV.     <u>CONCLUSION</u>

The only new structure being identified in the supplemental charts is computer code corresponding to originally asserted claim elements, and provided in response to the demands of the defendants, and to comport with the Court's claim construction Order as permitted by Local Rule. Defendants' motion to strike should be denied.

Respectfully submitted,


/s/ Paul C. Gibbons
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois  60602
Telephone:  (312) 236-0733

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas  75606-1231
Telephone:  (903) 757-2323

Eric M. Albritton
Attorney at Law
P.O. Box 2649
Longview, Texas  75606
Telephone:  (903) 757-8449

ATTORNEYS FOR IP INNOVATION L.L.C. and
TECHNOLOGY LICENSING CORPORATION

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing **IP INNOVATION'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE** was filed with the Clerk of the Court on September 21, 2009 using the CM/ECF system, which will send notification of such filing to the following at their email address on file with the Court:

| | |
|---|---|
| Mark Nolan Reiter | Josh A. Krevitt |
| mreiter@gibsondunn.com | jkrevitt@gibsondunn.com |
| Amy Elizabeth LaValle | Gibson Dunn & Crutcher – NYC |
| alavalle@gibsondunn.com | 200 Park Avenue |
| Gibson Dunn & Crutcher | New York, New York  10166 |
| 2100 McKinney Avenue | Tel:  (212) 351-2490 |
| Suite 1100 | Fax:  (212) 351-6390 |
| Dallas, Texas  75201 | |
| Tel:  (214) 698-3100 | |
| Fax:  (214) 571-2907 | |

                                            /s/ Paul C. Gibbons